UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI,

      Plaintiff,

v.

ADAM C. OLINICK, as Trustee d/b/a Portofino
IV Center, and BEAN SHOP MIAMI INC. d/b/a
The Bean Shop,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues ADAM C. OLINICK, as Trustee, d/b/a Portofino IV Center, and BEAN SHOP MIAMI, INC., a Florida Corporation d/b/a The Bean Shop, (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

42 U.S.C. § 12181, et seq.

4.       Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris*.

5.       At all times material, Defendant, ADAM C. OLINICK, AS TRUSTEE, had his his principal place of business, agents and/or offices in Miami-Dade County, Florida.

6.       At all times material, Defendant, ADAM C. OLINICK, AS TRUSTEE, owned and operated a shopping plaza located at 911 S.W. 87th Avenue, Miami, Florida 33173 (hereinafter the "plaza property") in Miami-Dade County, Florida. Defendant, ADAM C. OLINICK, AS TRUSTEE, holds itself out to the public as "PORTOFINO IV CENTER" with regard to the subject property.

7.       At all times material, Defendant, BEAN SHOP MIAMI INC. d/b/a The Bean Shop was and is a Florida Corporation, with its principal place of business, agents and/or offices in Miami, Miami-Dade County, Florida.

8.       At all times material, Defendant, BEAN SHOP MIAMI INC., owned and operated a barber shop business located at 901 S.W. 87th Avenue, Miami, Florida 33174, which is a unit located within the above-mentioned property owned by Defendant, ADAM C. OLINICK, AS TRUSTEE. Defendant, BEAN SHOP MIAMI INC., holds itself out to the public as "THE BEAN SHOP."

9.       Venue is properly located in the Southern District of Florida because Defendants' property and barber shop businesses are located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in Miami, Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10.      Although nearly twenty (20) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

11.      Congress provided commercial businesses one and a half (1½) years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

12.      The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

13.      Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.   DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.   He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.   He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14.      Defendant, ADAM C. OLINICK, AS TRUSTEE, owns, operates and oversees the plaza property, its general parking lot and parking spots specific to the businesses therein and to include the Co-Defendant's barber shop, and common areas.   It owns, operates and oversees said plaza property and businesses located in Miami, Florida that are the subject of this Action.

15.      The subject plaza property is open to the public and is located in Miami, Florida. The individual Plaintiff visits the plaza property regularly, to include a visit to the property on or about July 15th, 2016 and encountered multiple violations of the ADA that directly affected

his ability to use and enjoy the property.   He plans to return to and often visits the plaza property, in order to avail himself of the goods and services offered to the public at the businesses, if the property/businesses becomes accessible.

16.     Plaintiff visited the plaza property as a patron/customer, regularly visits the barber shop and other plaza property businesses as a patron/customer, and intends to return to the plaza property in order to avail himself of the goods and services offered to the public at the property.   Plaintiff is domiciled nearby in the same County and state as the property, has regularly frequented the Defendants' plaza location and barber shop for the intended purposes, and intends to return to the property within four (4) months' time from the date of this Complaint.

17.     The Plaintiff found the plaza property and barber shop business to be rife with ADA violations.   The Plaintiff encountered architectural barriers at the subject properties (the plaza property in general, the barber shop business, etc.), and wishes to continue his patronage and use of each of the premises.

18.     The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that in violation of the ADA, at the subject plaza property and barber shop business.   The barriers to access at Defendants' property and barber shop business have each denied or diminished Plaintiff's ability to visit each of the property and barber shop business and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

19.     Defendant, ADAM C. OLINICK, AS TRUSTEE, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendant, ADAM C. OLINICK, AS TRUSTEE, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, ADAM C. OLINICK, AS TRUSTEE, owns and operates is the plaza property

located at 911 S.W. 87th Avenue, Miami, Florida 33174.

20.     Defendant, BEAN SHOP MIAMI INC. d/b/a THE BEAN SHOP, owns and
operates, a place of public accommodation as defined by the ADA and the regulations
implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendant is responsible for
complying with the obligations of the ADA. The place of public accommodation that
Defendant, BEAN SHOP MIAMI INC. d/b/a THE BEAN SHOP, owns and operates is the
barber shop business located at 901 S.W. 87th Avenue, Miami, Florida   33174.

21.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing
threat of discrimination from the Defendant's non-compliance with the ADA with respect to the
described plaza property and barber shop businesses, but not necessarily limited to the
allegations in Paragraph 23 of this Complaint.   Plaintiff has reasonable grounds to believe
that he will continue to be subjected to discrimination at the plaza property and barber shop
business, in violation of the ADA. Plaintiff desires to visit the property, not only to avail himself
of the goods and services available at the property and barber shop business, but to assure
himself that the property and barber shop business are in compliance with the ADA, so that he and
others similarly situated will have full and equal enjoyment of the property and barber shop
business without fear of discrimination.

22.     Defendants have discriminated against the individual Plaintiff by denying him
access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages
and/or accommodations of the shopping plaza property and barber shop business therein, as
prohibited by 42 U.S.C. § 12182 et seq.

23.     Defendants have discriminated, and continue to discriminate, against Plaintiff
in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992
(or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000
or less).   A list of the violations that Plaintiff encountered during his visit to the property and

barber shop business, include but are not limited to, the following:

### A. PLAZA PROPERTY

#### 1. Parking

    a. The Plaintiff had difficulty accessing the facility, as the designated accessible parking spaces are not located on the shortest accessible route to the facility. Violation: Some of the accessible parking spaces are not located closest to the accessible path of travel to the facility, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

#### 2. Entrance Access and Path of Travel

    a. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    b. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between buildings at the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3.8, and 4.5.2 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

c.  The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between different floors of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3.8, and 4.5.2 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

d.  The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

e.  The Plaintiff had difficulty entering tenant spaces without assistance, as the door thresholds were too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

f.  The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

g.  The Plaintiff had difficulty using ramps, as they were located on an excessive slope. Violation: There are ramps at the facility that contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section

405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**B. THE BEAN SHOP BARBER SHOP**

    **1. Access to Goods and Services**

        a. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADA Standards.

        b. The Plaintiff could not use the sales counter as it was mounted too high. Violation: There are counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    **2. Public Restrooms**

        a. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Sections 36.211 and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

        b. The Plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

c. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG and Sections 36.211 and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

d. The Plaintiff could not use the restroom without assistance, as the required clear floor space is not provided due to the dimensions of the restroom. Violation: Compliant clear floor space is not provided in the restroom, violating Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards, whose resolution is readily achievable.

e. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

f. The Plaintiff could not use the lavatory without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

g. The Plaintiff had difficulty using the toilet without assistance as the seat
was mounted too low from the floor. Violation: The water closet seats
are mounted at a non-compliant height from the floor in violation of
Section 4.16.3 of the ADAAG and Section 604.4 of the 2010 ADA
Standards, whose resolution is readily achievable.

h. The Plaintiff had difficulty using the toilet paper roll due to it not being
located within a dispenser. Violation: Elements in the restroom are not
readily accessible and usable by persons with disabilities, violating
Section 36.211 of the 2010 ADA Standards, whose resolution is readily
achievable.

24.     The discriminatory violations described in Paragraph 23 are not an exclusive list
of the Defendants' ADA violations.   Plaintiff requests an inspection of the Defendants' places
of public accommodation in order to photograph and measure all of the discriminatory acts
violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff
further requests to inspect any and all barriers to access that were concealed by virtue of the
barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and
equal enjoyment of the plaza property and barber shop business; Plaintiff requests to be
physically present at such inspection in conjunction with Rule 34 and timely notice.

25.     The individual Plaintiff, and all other individuals similarly situated, have been
denied access to, and have been denied full and equal enjoyment of the goods, services, facilities
privileges, benefits, programs and activities offered by Defendants, Defendants' buildings,
businesses and facilities; and has otherwise been discriminated against and damaged by the
Defendants because of the Defendants' ADA violations as set forth above.   The individual
Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and
damage without the immediate relief provided by the ADA as requested herein. In order to

remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.      Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.      Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.      A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities

Act.

29.      Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

30.      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at 911 S.W. 87th Avenue, Miami, Florida 33174 (to include Defendant, BEAN SHOP MIAMI INC. d/b/a THE BEAN SHOP's barbershop business located at 901 S.W. 87th Avenue, Miami, Florida 33174), the interiors, exterior areas, and the common exterior areas of the property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42

U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: December 30th, 2016

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiff*
Marina Lakes, No.3
  4937 S.W. 74th Court
Miami, FL 33155
Telephone:   (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mails:ajperelaw@gmail.com,
  agarciamenocal@gmplaw.com and
  agmlaw@bellsouth.net

By: ___*/s/ Anthony J. Perez*_____
  ANTHONY J. PEREZ
  Florida Bar No.: 535451
  ALFREDO GARCIA-MENOCAL
  Florida Bar No.: 533610